### STATE *versus* PATRICK MAHER.

A motion to quash an indictment is addressed to the discretion of the Court, and exceptions will not lie if it is not granted.

The question presented on such a motion may be reserved for the full Court on report; if not thus reserved, the defendant must plead it in abatement, if he would avail himself of it.

ON EXCEPTIONS.

BEFORE pleading, the respondent filed a motion to quash the indictment, but it was denied, and he excepted.

*Meserve*, for defendant.

*Drummond, Attorney General,* for the State.

The opinion of the Court was drawn up by

DAVIS, J.—The defendant filed a written motion in this case that the indictment be quashed, because the grand jury by whom it was found were not legally drawn. This motion was overruled by the Court, and he filed exceptions.

Such a motion is addressed to the discretion of the Court, and no exceptions will lie if it is not granted. This has been so often decided that it is unnecessary to cite authorities.

The question presented on such a motion may be reserved for the full Court, on a report signed by the presiding Judge. R. S., c. 134, § 26; *State* v. *Low,* 4 Greenl., 439. But if not so reserved, and the motion is overruled, the defendant must plead the matter in abatement. Upon issue duly made up on such a plea, if the indictment is adjudged good, exceptions will lie to any ruling upon matters of law, whether the case is one in which he can plead over, or not.

*Exceptions dismissed.*

TENNEY, C. J., RICE, MAY, GOODENOW and KENT, JJ., concurred.